IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANTRECE BROOKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-00306-P-BP |
| | § | |
| ALCON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Plaintiff's Amended Complaint (ECF No. 16) filed on July 23, 2020, Defendant Novartis' Motion to Dismiss Claims in Plaintiff's Original Complaint with Brief (ECF No. 29) filed on December 10, 2020, Defendant Alcon's Motion to Dismiss for Lack of Jurisdiction and Motion to Dismiss Claims in Plaintiff's Original Complaint with Brief (ECF Nos. 34 and 36) both filed on December 10, 2020, Plaintiff's Legal Briefs (ECF Nos. 44 and 46) filed on December 22, 2020 and December 29, 2020, and Defendant Novartis and Alcon's Response to Plaintiff's Legal Briefs (ECF No. 45) filed on December 23, 2020. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **GRANT** Defendants' Motions to Dismiss (ECF Nos. 29 and 34) and **DISMISS WITHOUT PREJUDICE** Plaintiff's claims against Defendants for lack of subject matter jurisdiction.

**I.     BACKGROUND**

Plaintiff Antrece Brooks ("Brooks"), brings this action *pro se* for injuries she allegedly received while working for Alcon, which was affiliated with Novartis, in its Aspex Building located in Tarrant County, Texas. ECF No. 16 at 5. Brooks filed her suit pursuant to "29 U.S.C. §

661, Occupational Safety and Health Review Commission" and asserts no other basis for subject matter jurisdiction in this Court. *Id.* at 4. She claims that working conditions at the Alcon facility injured her eyes and nose, specifically that the "affected area would turn from normal to a slightly darker shade 1" and that "[g]irly features would change from almond shape eyes to round." *Id.* at 5. Brooks claims that these changes primarily occurred when she was working alone in the weigh and washroom. *Id.* at 8-9. She believes that exposure to a "negative environment" while working at Alcon for approximately seven months caused these changes. *Id.* at 14. Brooks claims that she started to exercise for ten minutes after work and use the steam room for twenty minutes, which would bring the affected area back to her normal pigmentation and almond eyes. *Id.* at 6. Additionally, she asserts wearing an extra mask reduced the effects to her face. *Id.* at 16. In June 2018, Brooks visited a doctor who diagnosed her with allergies and prescribed Azelastine HCL and Flonase. *Id.* at 6-7.

Brooks requests financial compensation for the "impact to her internal human systems which resulted in the effects to the visual appearance," including "[w]hite blood cells: basophils (8)" and "[o]rgan systems involved in production of white blood cells." ECF No. 46 at 14. She also seeks an investigation of "intent to redirect responsibility"; "retaliation against an individual or company that acted in good faith toward plaintiff"; other employees who were injured at Alcon; and "homeless people whose last job was Alcon and who developed conditions while working at Alcon"; and "[p]rotection against frivolous lawsuits that seek to capitalize on anything listed into III.6 of the complaint," which concerns possible counterarguments. *Id.*, ECF No. 16 at 13.

In response to Brooks' Amended Complaint, Defendants Alcon and Novartis both filed Motions to Dismiss for lack of subject matter jurisdiction and for failure to state a claim. ECF Nos. 29, 34, and 36. Novartis argues that Brooks fails to allege facts to show that the Court has subject

matter jurisdiction of her claims. ECF No. 29 at 1-2. Alcon argues that the Court lacks jurisdiction over the case because as 29 U.S.C. § 651 does not provide jurisdiction for a private cause of action. ECF No. 34 at 2-3. Additionally, Alcon and Novartis seek dismissal because Brooks did not allege any facts indicating that Alcon, Novartis, or any of their agents or employees were negligent or otherwise responsible for Brooks' injuries. ECF Nos. 29 at 1-4, 34 at 3-5. Finally, Alcon and Novartis contend that Brooks lacks standing to sue either company because both had effective workers' compensation insurance that provided the exclusive remedy for any employee who was injured on the job. ECF Nos. 29 at 4-5, 36 at 5-6.

## II. LEGAL STANDARD

### a. Federal Rule of Civil Procedure 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint based on lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Because "[f]ederal courts are courts of limited jurisdiction[, t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). If a Court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). In determining whether subject matter jurisdiction exists, a court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court

should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). This "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* Dismissal for lack of subject matter jurisdiction "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.* "The district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lowe v. ViewPoint Bank*, 972 F. Supp. 2d 947, 953 (N.D. Tex. 2013) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

"A motion to dismiss based on the complaint alone presents a 'facial attack' that requires the court to merely decide whether the allegations in the complaint, taken as true, sufficiently state a basis for subject matter jurisdiction." *Id.* (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)). "If sufficient, those allegations alone provide jurisdiction." *Paterson*, 644 F.2d at 523. "When evidence is presented with the motion to dismiss, the attack is 'factual' and 'no presumptive truthfulness attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" *Lowe*, 972 F. Supp. 2d at 953 (quoting *Williamson*, 645 F.2d at 413).

   b.   *Pro se* **pleading standards**

A pro se plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* However, as noted above, a court may dismiss a complaint with prejudice if the plaintiff has pleaded his best case. *Jones*, 188 F.3d at 326-27 (citing

*Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

### III. ANALYSIS

The Court liberally construes Brooks' pleadings as asserting a claim for damages and seeking an investigation under the Occupational Safety and Health Act, 29 U.S.C. § 651, *et seq.* ("OSHA"), due to personal injuries that she allegedly received while working at the Alcon/Novartis facility in Fort Worth. Alcon and Novartis move to dismiss Brooks' Amended Complaint for lack of subject matter jurisdiction because 29 U.S.C. § 661 does not provide for a private right of action such as the one Brooks asserts here. ECF Nos. 29 at 2-3, 34 at 2. Brooks responds that her claims against Alcon and Novartis arise under OSHA and that the Court has jurisdiction to consider her claims. ECF No. 44 at 23.

The Fifth Circuit has held that no private right of action exists under OSHA. *Lyle v. Magnolia State Enterprise, Inc.*, 105 F.3d 654, 1996 WL 762823, at *3, n. 3 (5th Cir. 1996) (citing *Barrera v. E.I. Du Pont de Nemours and Co.*, 653 F.2d 915, 920 (5th Cir. 1981)); *Evans v. Turner*, 59 F.3d 1242 (5th Cir. 1995). "The provisions for the enforcement of OSHA and the regulations promulgated thereunder are sufficiently comprehensive to make such a private right of action unnecessary to effectuate the congressional policy underpinning the substantive provisions of the statute." *Jeter v. St. Regis Paper Co.*, 507 F.2d 973, 976-77 (5th Cir. 1975). Instead of simply filing a lawsuit in federal court, an aggrieved party must, within thirty days of the incident, contact the Secretary of Labor to report any acts of discrimination, retaliation, or harassing conduct under the Act. 29 U.S.C. § 660(c)(2) ("Any employee who believes that [she] has been discharged or otherwise discriminated against by any person in violation of this subsection may, within thirty days after such violation occurs, file a complaint with the Secretary alleging such discrimination").

If the Secretary finds that discrimination has occurred, the party may bring an action in federal court. *Id.*

Brooks has not alleged any claims against Alcon or Novartis for discriminating, retaliating, or harassing her. Instead, she asserts that her work environment caused changes to her facial appearance, requests that the Occupational Safety and Health Administration investigate the building where she worked and other matters, and seeks monetary compensation. Brooks does not assert that she has complained to the Secretary of Labor, or that the Secretary found that she was discriminated against and can proceed in federal court. Accordingly, Brooks' claims should be dismissed for lack of subject matter jurisdiction because OSHA does not create a private right of action, and the Court does not have jurisdiction over her claims.

Dismissal for lack of subject matter jurisdiction is not on the merits of the case and therefore is not with prejudice. *Verret v. Elliot Equip. Corp.*, 734 F.2d 235, 238 (5th Cir. 1984) (citation omitted). Consequently, dismissal of Brooks' claims in this case should be without prejudice to her right to assert a cause of action against these or other defendants over which the Court does have proper subject matter jurisdiction.

## IV. CONCLUSION

After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **GRANT** Defendants' Motions to Dismiss (ECF Nos. 29 and 34) and **DISMISS WITHOUT PREJUDICE** Brooks' claims against Defendants for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served

with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

  **SIGNED** on April 5, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE