IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANTRECE BROOKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-00306-P-BP |
| | § | |
| ALCON et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation ("FCRs") in this case.  ECF No. 48.  *Pro se* Plaintiff Antrece Brooks filed a document that appears to be a combination of her pleading and a different brief (ECF No. 49), as well as an attachment (ECF No. 49-1) that appears to object to the FCRs. However, the lead document and attachment contain no specific objection to the FCRs as required by FED. R. CIV. P. 72(b) and 28 U.S.C. § 636(b)(1).  Defendants have filed a response in in support of the FCRs.  ECF No. 52.  The Magistrate Judge's Recommendation is ripe for review.

As analyzed and explained in the FCRs (ECF No. 48 at 5–6), Plaintiff's assertion of subject matter jurisdiction under 29 U.S.C. § 661 is misguided as "OSHA does not create a private cause of action."  *Ayala v. Ledezma*, No. 3:13-CV-703-O, 2014 WL 11456583, at *9 (N.D. Tex. Apr. 10, 2014) (O'Connor, J.).  Thus, Plaintiff's mere reassertion of a position already analyzed and rejected in the FCRs is not a proper objection under FED. R.

CIV. P. 72(b) and 28 U.S.C. § 636(b)(1), so the Court analyzes the FCRs for clear error. *See Arredondo v. Torres*, No. 3:14-CV-1934-P, 2014 WL 5420028, at *1 (N.D. Tex. Oct. 23, 2014) ("Because Plaintiff has asserted no specific objection to the FCR and the Court cannot reasonably construe the subsequent filing of Plaintiff as stating any specific objection, the Court has reviewed the FCR for clear error.").  Finding no clear error, the undersigned District Judge believes that the Findings and Conclusions of the Magistrate Judge are correct, and they are accepted as the Findings and Conclusions of the Court.

Accordingly, it is **ORDERED** that Defendants' Motions to Dismiss (ECF Nos. 29 and 34) are **GRANTED**. Plaintiff's claims against Defendants are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**SO ORDERED** on this **20th day** of **April, 2021.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE